**FENTON v. FENTON.**
**No. 193206.**

Circuit Court, Dade County.

March 12 and 31, 1958.

Courshon & Fink, Miami Beach, for plaintiff.

Nicholas Capuano, Miami, guardian ad litem for the State.

VINCENT C. GIBLIN, Circuit Judge.

*March 12, 1958:* Frequently, in matrimonial litigation such as this, the State of Florida should be represented by an attorney ad litem.

A divorce suit is not merely a controversy between two private parties. The State, in behalf of society generally, is interested, as a party adverse to the plaintiff, in every divorce suit; and in such a suit, even if a decree pro confesso has been entered or the defendant interposes no defense, the court's duty is to proceed with the same formality and caution as if the defendant were personally present and maintaining the keenest opposition.

The circumstances of this case are such, however, that the court cannot fully discharge its duty unless the State shall be represented in the suit by a competent and conscientious attorney who shall conduct such investigation and submit such testimony and proofs, in behalf of the State, as will aid the court in determining correctly and justly the issues involved. The court itself is without adequate investigative facilities.

One of the important issues involved in this suit is the jurisdictional question of whether or not the plaintiff, at the time of the institution of the suit, had been a bona fide resident of this state for the required statutory period. My finding, after a hearing on such issue, that the plaintiff had failed to sustain, by a preponderance of evidence, his allegation of bona fide residence, has been reversed by the District Court of Appeal in a "trial de novo." Such finding, as I stated in the decree by which it was evidenced, was "based not only on what is reflected by the cold typed transcript of the testimony, but largely and principally on what the transcript does not reveal." I had observed, as I said in the decree of dismissal, "the manner and demeanor of the plaintiff as he testified before me, his obvious insincerity, his facial distortions and delayed answers to my questions as he underwent the ordeal of endeavoring to persuade me, by sham and superficial indicia of permanent residence, that this court should sever his marital ties, and his hesitancy as he attempted to give the 'right' answers." My common sense and my experience in human affairs were invoked in evaluating his testimony. It was my opinion, based on the plaintiff's testimony and legitimate inferences drawn from it, that he is "just another of the thousands of sojourners who come to our state 'not to change their residences, but to change their spouses' ". I gave his testimony as to the permanence of his

residence no credence. The "corroborating" testimony, I found, was of no real value because "it did not supply the deficiencies of the plaintiff's own testimony."

Yet, the appellate court, sitting in the quiet sanctuary of a university campus, on an "ex parte" appeal, has reviewed the transcript of the testimony and, invading the fact-finding province of the trial court, has decided that I should have given full credence to the testimony of the plaintiff and his friendly witnesses. It has been held, in effect, that the chancellor, as the trier of the facts in a divorce suit, does not have the power that a jury in a law action has to decide what the truth is, and the appellate court has ordained that I accept pretense as fact, even though it be an insult to my intelligence.

Despite my disagreement with my judicial superiors (the expression of which I have been unable to withhold, because of my view that their transgression of the limits of appellate power should not escape attention), I must obey the district court's mandate.

Accordingly, the decree of March 1, 1957 (entered in chancery order book 1280, at page 564), by which the suit was dismissed on the indicated jurisdictional ground, is vacated and the cause is reinstated; and a final hearing will be scheduled by a separate order.

The reinstatement of the cause, however, does not preclude the submission by the State of further testimony and proofs on the jurisdictional question, as well as evidence on all other issues involved, at a final hearing in which the State shall be represented by counsel. Nicholas Capuano, Esquire, an attorney and officer of the court, is appointed to serve as attorney ad litem for the State of Florida; and he is authorized and directed to interpose, in behalf of the State, an answer to the plaintiff's complaint, to conduct such investigation as shall be appropriate, to procure and present to the court, in behalf of the State, pertinent and material information and evidence which shall be available and which should be considered by the court in determining the jurisdictional question and all other issues involved in the suit, and to take such other action in the interest of the State as he shall deem necessary or advisable. His attention is directed to the testimony previously adduced, which will be considered at the final hearing.

Ordered (on the court's own initiative) in chambers in the Courthouse of Dade County, Florida, at Miami.

*March 31, 1958:* By my order of March 12, 1958 (entered in chancery order book 1929, at page 70), the final hearing of this cause was scheduled for resumption before me on March 28, 1958 (pursuant to the mandate of the District Court of Appeal).

Prior to the time scheduled, however, the plaintiff, through counsel (on March 17, 1958), moved the court "to dismiss the above styled cause for reason that plaintiff is no longer desirous of proceeding with the action."

It will be noted that the plaintiff's "reason" was not revealed by the motion.

The attorney ad litem for the State, Nicholas Capuano, Esquire, appointed by my order of March 12, 1958 (entered in chancery order book 1329, at page 154), has disclosed such "reason".

From the prior final decree of March 1, 1957, by which the cause was dismissed (because of my finding that the plaintiff had not proved that at the time of the institution of the suit he had been a bona fide resident of Florida for the required statutory period), the plaintiff prosecuted an appeal to the Supreme Court of Florida (which transferred the cause to the District Court of Appeal). The appeal was taken March 18, 1957. The clerk's certification of the record was on June 17, 1957.

Seven days before such certification, the plaintiff (on June 10, 1957) had instituted in the circuit court of Morgan County, Alabama, a suit for divorce. In his bill of complaint in such suit he alleged that *"complainant is a bona fide resident citizen of the State of Alabama and has been such for more than one year next preceding the date of the filing of this bill of complaint."* A final decree of divorce was entered by the Alabama court on June 10, 1957 (the same day on which the suit was commenced and seven days prior to the certification by the clerk of this court of the record in this cause on which the cause was reviewed by the District Court of Appeal).

Despite his procurement in Alabama of the mentioned decree of divorce, the plaintiff's appeal from this court's final decree of March 1, 1957, was prosecuted to a conclusion; and, on January 3, 1958, the mandate of the District Court of Appeal (by which the final decree of this court was reversed) was filed in this court.

It was after the remanding of the cause that the final hearing of the cause was scheduled for resumption before me.

An exemplified copy of the complete record of the proceedings in the Alabama court is filed with this decree.

The fraud practiced by the plaintiff on the District Court of Appeal is obvious.

The attorney ad litem for the State is authorized and directed to file in the appellate court an appropriate petition or motion in and by which such fraud shall be brought to the attention of such court and in and by which appropriate action by such court shall be sought.

Incidentally, as shown by the affidavit of counsel for the plaintiff (filed March 26, 1958), the plaintiff is admittedly a resident of New York City.

This cause is again dismissed on the jurisdictional ground that the plaintiff, at the time of the institution of the suit, was not a bona fide resident of Florida.

The plaintiff is required to pay, as costs of this suit, a fee of $50 to the attorney ad litem for the State, and the further sum of $24.05 to such attorney ad litem to reimburse him for costs and expenses advanced by him.

Ordered and decreed in chambers in the courthouse of Dade County, Florida, at Miami.